Julia Lord, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sealy Spring Corp. et al., Respondents.

Sealy Spring Corp. and Home Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Julia Lord et al., Respondents.

Argued September 14, 1978, before Judges MEN-CER, DiSALLE and MacPHAIL, sitting as a panel of three.

*Richard A. Bausher,* with him *Stevens & Lee,* for Julia Lord.

*Frank L. Tamulonis, Jr.,* for Sealy Spring Corporation and Home Insurance Company.

*Sandra S. Christianson,* Assistant Attorney General, for Department of Labor and Industry.

OPINION BY JUDGE DiSALLE, November 30, 1978:

This case concerns two related appeals arising from a single order of the Workmen's Compensation Appeal Board (Board) dated June 17, 1977. The order affirms and modifies a referee's determination terminating compensation payments to Julia Lord (Claimant) by reason of her ability to return to work and penalizing Sealy Springs Corporation (Employer) and its insurance carrier, Home Insurance Company (Home), for failing to make benefit payments in compliance with The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Claimant injured her wrist January 18, 1974, while working for Employer. Though her last pay period ended January 25, 1974, Claimant began to receive

compensation benefits on February 2, 1974; and payments continued uninterrupted until August 17, 1974, when they ceased. Thereafter, a lump sum payment was made on March 15, 1975, which fully compensated Claimant for the period between August 17, 1974 and March 15, 1975.

The payments then continued on a weekly basis until April 4, 1976, when they once again were stopped. On April 15, 1976, Employer and Home filed a termination petition asserting that Claimant was fully able to return to work with no loss of earning power. Feeling able to attempt to return to work, Claimant began work June 21, 1976, and continued until June 29, 1976. At this time, Claimant left her job stating that her wrist was causing her pain.

On September 14, 1976, Claimant filed a petition seeking 20% penalties from Employer and Home for the untimely termination of payments and the failure to pay benefits for the waiting period between the end of her last regular pay period, January 25, 1974, and the beginning of benefit payments, February 2, 1974. The Commonwealth, through the Secretary of Labor and Industry, thereupon issued an Order to Show Cause why Home should not be found in violation of Section 413(b) of the Act, 77 P.S. §774.1, and penalized in accordance with Section 435 of the Act, 77 P.S. §991.

A combined hearing was held on both petitions on November 4, 1976. In his decision of November 11, 1976, the referee imposed 10% penalties on Employer and Home for the August 17, 1974 and April 4, 1976 interruptions in payments but refused to impose penalties for failure to pay benefits during the waiting period. The referee also found that since Claimant was able to return to work as of June 17, 1976, the payments could properly be terminated as of that date. The insurance carrier has since paid compen-

sation to Claimant for the April 5, 1976 to June 17, 1976 period.

Claimant, as well as Employer and Home, appealed these decisions to the Board. The Board affirmed the referee's decisions, with the exception that it ordered Home to pay Claimant for the seven day waiting period between the end of her last regular pay period and the beginning of workmen's compensation payments plus a 10% penalty imposed for the non-payment thereof. The Board's determination has been appealed to this Court.

Claimant initially contends that it was improper for the referee to conduct a combined hearing on the termination and penalty petitions, suggesting, without legal support, that a termination hearing is improper when a penalty petition is pending. There is nothing in the Act to suggest that proceedings on penalty and termination petitions may not be consolidated in a single hearing at the discretion of the referee.

Claimant also argues that she is prejudiced by the fact that Home unilaterally ceased payments and filed a termination petition without first obtaining a supersedeas. *See* Section 413 of the Act, 77 P.S. §§771-774. She contends that since the referee ultimately found in favor of Home no penalty will be due because no award exists upon which the penalty may be based. We see no merit in this contention. It is clear that an employer who stops payments without requesting a supersedeas does so at his peril, if it develops that such cessation was improper.

Claimant next contends that the evidence, especially the medical evidence, fails to support the finding that her disability had ceased and that she was able to return to work at the same or increased earnings.[1]

---

[1] Claimant also argued that this finding was conditioned upon the payment of back compensation plus penalty and was therefore

It is relevant here to note that on review, we are limited to a determination of whether or not an error of law was committed, constitutional rights were violated, or findings of fact necessary for the adjudication are unsupported by substantial evidence. *See* Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.44.

The referee's only finding of fact with respect to termination was that Claimant was able to return to work on June 17, 1976. He makes no specific reference whatsoever to the status of her disability or to whether it had ceased or diminished. Section 413 clearly provides that a referee may terminate an award of compensation upon a showing that the disability of the injured employe has "increased, decreased, recurred or has temporarily or finally ceased." The finding that Claimant "was able to return to work" *without more* does not comport with the requisites of the Act and will not support an order terminating benefits. We will therefore reverse that part of the Board's order affirming the referee's decision terminating benefits and remand the case for a further determination of whether Claimant's disability has, in fact, ceased or diminished.

Turning to the penalty petition, Employer and Home contend that the referee erred not only in finding that they violated the Act but also in imposing penalties as a result thereof. They argue that the relevant findings of fact are unsupported by the evidence. Ample evidence exists in the record to indicate that payments were withheld on August 17, 1974, and that Claimant thereafter received a lump sum payment representing some thirty weeks of unpaid benefits. Also, the record reveals that payments were

---

improper. Reference to the referee's decision indicates that this argument is unfounded.

terminated altogether beginning April 5, 1976, even though the Employer and Home failed to fulfill the requirements which would have permitted terminating the payments. *See* Section 413(b). Since penalties may properly be imposed for failure to make prompt payment of compensation or for improper suspension of such benefits, the Court must affirm the referee's imposition of penalties on the basis of the record.[2] *See* Section 406:1, 77 P.S. §717.1,[3] added by Section 3 of the Act of February 8, 1972, P.L. 25, and 413(b).

Claimant contends that a penalty of 20% rather than 10% should have been imposed. Section 435(d)(i) of the Act, 77 P.S. 991(d)(i), provides for the discretionary imposition of a 10% penalty on employers or insurers, save in cases of unreasonable or excessive delay, in which case a 20% penalty *may* be imposed. In exercising his discretion, the referee made no finding of fact to support a conclusion that the delays were unreasonable or excessive. We find nothing which would justify disturbing the referee's exercise of discretion in this regard.

Quite aside from the merits of the two petitions involved in this case, the Employer and Home raised several further arguments on appeal which were not raised before the Board. Though admittedly the Department of Labor and Industry (Department) is authorized to hear penalty proceedings brought under the Act, they question the authority of the referee to do so. Since this issue was not raised before the Board and does not involve the validity of the Act,

---

[2] The Board also concluded that the Claimant was entitled to compensation for the initial seven day waiting period from January 26, 1974, to February 1, 1974. This conclusion was based on the employer's admission that she was entitled to it.

[3] The Board made no reference to Section 406.1 apparently believing that Section 413(b) was sufficient to warrant penalties.

this Court is not obliged to address the issue.[4] *See* Section 42 of the Administrative Agency Law, 71 P.S. §1710.42.

Employer and Home next argue that because the referee is under the supervision and control of the Department and because the Department is responsible for prosecuting such claims as are here involved, these proceedings embody an improper intermingling of the adjudicative and prosecutorial function which may arguably be violative of their due process rights.[5]

This issue is clearly controlled by our decision in *Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977), and the authorities cited therein. It is clear that an administrative agency may perform both adjudicative and prosecutorial functions without running afoul of due process as long as such functions are adequately separated. *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974). In *Bruteyn*, we held that such an administrative procedure as is here involved will not be found to be violative of due process in the absence of any finding of actual bias. We find none here. In this case, it has not been averred or even suggested that the referee, Board, or the legal staff of the Department were in any way biased towards Employer and Home. Indeed, the record is devoid of even a scintilla of evidence which indicates that the adjudicatory and prosecutorial functions impermissibly inter-

---

[4] Nevertheless, we note that Section 435 and the definition of *referee* set forth in Section 401, 77 P.S. §701, reveal that the Department is authorized to conduct hearings on penalty petitions and that such hearings *shall* be presided over by the Department, referees or other authorized hearing officers.

[5] Though this argument was not raised by the Employer or Home before the Board, the Court is bound to address it since it speaks to the validity of the Act. *See* Section 42 of the Administrative Agency Law.

634

twined. In the absence of any showing of actual bias to any extent, and in view of this Court's holding in *Bruteyn* that administrative structures as are here involved are not per se violative of due process, we readily conclude that the administrative structure involved in this case is not violative of due process.

ORDER

AND Now, this 30th day of November, 1978, the order of the Workmen's Compensation Appeal Board dated July 7, 1977, affirming the imposition of penalties upon Sealy Springs Corporation and the Home Insurance Company is hereby affirmed. That part of the same order affirming the termination of compensation benefits to Julia Lord is hereby reversed and the case remanded for further proceedings consistent with this opinion.