Robert N. Price, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 5, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Carmen D. Minora,* with her *William J. Dempsey,* and *Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*Howard Ulan,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 2, 1979:

This is a petition for review of a decision of the Department of Public Welfare (Department), Office of Mental Retardation, concerning the assessment of the liability of petitioner for his child's care. We affirm.

In 1977 petitioner's 16-year-old daughter was an inpatient resident of St. Joseph's Hospital in Scranton, Pennsylvania and was receiving care pursuant to

the Mental Health and Mental Retardation Act of 1966 (Act), Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4101 *et seq.* Under Section 501 of the Act, 50 P.S. §4501, a mentally disabled person receiving care bears the liability for the costs of care. When, as here, a person under 18 years of age receiving care under the Act is unable to discharge the obligation to pay for the costs, such liability is imposed on any person owing a legal duty to support her. Section 502 of the Act, 50 P.S. §4502. Petitioner admits owing a legal duty to support his daughter.

On September 22, 1977, the Base Service Unit of Scranton, following Department regulations 5401 *et seq.,* 6 Pa. B. 2396 (1976), determined petitioner's liability to be $198 per month for the 12 month period beginning September 22, 1977. Petitioner requested review of his assessment, and in a letter dated December 7, 1977, the Deputy Secretary for Mental Health informed petitioner of a reduction of his liability to $100 per month for the first six months of service and $198 per month for the seventh through twelfth months. Petitioner appealed this determination, and a hearing on the appeal was conducted. In an Adjudication and Order of August 15, 1978, the hearing examiner denied any further modification or abatement. Petitioner then took his appeal to this Court.

Petitioner has numerous business obligations and personal obligations. Particularly noted was that he pays $150 each month to his mother on a loan of $13,000. The mother heavily relies upon these payments due to her inability to provide for her own needs on her social security income.

As a result of making these payments petitioner contends he cannot afford his new liability. Alleging that there was an abuse of discretion under Section 504 of the Act, 50 P.S. §4504, to abate, modify or dis-

charge liabilities imposed under Sections 501 or 502, petitioner seeks, at a minimum, abatement for the amount of the monthly payments paid to his mother.

Petitioner raises on appeal three issues: (1) whether as a condition precedent to recovering costs the Department must first seek recovery from the minor patient herself, (2) whether the Department must provide a statement of the exact number of days of service and the applicable per diem rate for services,[1] and (3) whether the assessed liability is supported by substantial evidence and in accordance with law.

The first two matters petitioner raises on appeal were not raised at the administrative hearing. The Administrative Agency Law provides in pertinent part that:

A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. §703(a). *See also* Pa. R.A.P. 1551(a). This Court has declined to consider matters not raised at administrative hearings, *see Lord v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 626, 395 A.2d 598 (1978), *Colonial Gardens Nursing Home, Inc. v. Department of Health,* 34 Pa. Commonwealth Ct. 131, 382 A.2d 1273 (1978). Since petitioner has failed to offer due cause for this Court to consider the matters not raised below, we decline to address them.

---

[1] This issue was not raised in appellant's Statement of Questions Involved as required by Pa. R.A.P. 2116.

168

As there is substantial evidence to support the hearing examiner's finding of no circumstances warranting further abatement, we will enter the following

ORDER

AND Now, November 2, 1979, the Adjudication and Order by the Hearing Examiner for the Department of Public Welfare, in the appeal of Robert N. Price, dated August 15, 1978, is affirmed.