619 A.2d 404

GRAHAM ARCHITECTURAL PRODUCTS CORP.
and CNA Insurance Companies, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (ROTHROCK), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1992.

Decided Dec. 30, 1992.

Publication Ordered Jan. 5, 1993.

Thomas F. Meister, for petitioners.

William H. Poole, Jr., for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us is an appeal by Graham Architectural Products (Employer), from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision and reinstating .Deborah Lou Rothrock's (Claimant) benefits under The Pennsylvania Workmen's Compensation Act[1] (Act). For the reasons set forth below, we vacate the order of the Board and remand for additional findings.

The relevant facts are as follows. Claimant was employed as a window packer by Employer. On June 16, 1988, Claimant sustained a work-related injury to her lower back and received compensation benefits. Seeking to end Claimant's compensation, Employer filed a Petition for Termination, Suspension or Modification of Compensation[2] on February 22,

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Section 413 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, states, in pertinent part, that:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department of its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstate-

1989, asserting that Claimant could return to her pre-injury work duties.[3]   Claimant denied this assertion.[4]

The referee found that Employer met its burden of proof and concluding that Claimant "had made a full recovery from her work related injury," granted the Petition to Terminate. Claimant appealed to the Board.   Reversing the referee's decision, the Board found that Employer's medical evidence relied on by the referee was not unequivocal and thus, was insufficient to meet its burden of proving that Claimant's disability had ceased.   This appeal ensued.

On appeal to this Court,[5] Employer's sole contention is that the Board erred in reversing the referee because the referee's decision was supported by substantial evidence, and the medical testimony proffered by the Employer was unequivocal.

■ In a termination proceeding, the employer bears the burden of proving that all of a claimant's disability related to the compensable injury has ceased, *County of Dauphin v. Workmen's Compensation Appeal Board (Davis)*, 136 Pa.Commonwealth Ct. 140, 582 A.2d 434 (1990), *petition for allowance of appeal denied*, 528 Pa. 614, 596 A.2d 160 (1991), and a disability is presumed to continue until demonstrated

ment, suspension, or termination shall be made as of the date upon which it is shown that the status of any dependent has changed....

**3.**   Employer's petition stated, "[t]he Claimant has recovered from her work-related injuries sustained on June 16, 1988 and has been released by her physician to resume employment without restriction or limitation as of that date.   However, the Claimant has refused to return to work."   (Petition for Termination of Compensation dated February 20, 1989).

**4.**   Claimant's answer to Employer's petition stated, "[i]t is denied that Claimant has recovered form her work-related injuries.   It is further denied that she had been released by her physician to resume employment without restriction or limitation.   It is further denied that claimant has refused to return to suitable employment."   (Answer to Petition for Termination of Compensation dated March 13, 1989).

**5.**   Our scope of review in a case where both parties present evidence is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.   *Murphy v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 142 Pa. Commonwealth Ct. 416, 598 A.2d 87 (1991), *petition for allowance of appeal denied*, 530 Pa. 649, 607 A.2d 257 (1992).

otherwise. *Id.* at 144, 582 A.2d at 436 (citing *Olivetti Corporation v. Workmen's Compensation Appeal Board (Robinson)*, 75 Pa.Commonwealth Ct. 584, 462 A.2d 934 (1983)).

▪ Unfortunately, we cannot address Employer's contention that, contrary to the Board's finding, the referee's decision was supported by substantial evidence because a remand for the purpose of additional factfinding is necessary. Specifically, two essential questions remain unanswered: Has all disability, including the *medical* injury, ceased; if not, is the present pain suffered by Claimant caused by the work-related injury.

In the present case, the referee found "that the Claimant had the physical ability to return to her prior duties with the Defendant/Employer as an assembler (B) without restriction or limitation, as of January 30, 1989." (Referee's Finding of Fact No. 5). The referee accepted the Employer's expert testimony as more credible and persuasive than the expert medical opinions presented by Claimant. (Referee's Finding of Fact No. 11). The referee also found that Claimant's testimony regarding her pain and limitations were less credible or persuasive than Employer's testimony. (Referee's Finding of Fact No. 12).

▪ The referee, however, made no findings of fact that determine whether Claimant still has pain that was not caused by the work-related injury. The referee's only finding of fact with respect to termination was that Claimant was able to return to work as of January 30, 1989. Claimant herself testified that she had continuing pain and the medical testimony accepted by the referee concluded only that the doctor found no objective reasons for her pain.[6] Finding that Claimant was able to return to work without more does not comport

**6.** On direct examination Employer's medical expert testified:

Q. Do you have an opinion whether the claimant had fully recovered from her work injury as of the last time you saw her?

A. That's the question that is difficult to answer because the last time I saw her I was not sure she had a problem at all, so I would have to answer one of two ways. Either if she did have a problem initially when I saw her, it was my feeling that she was fully recovered. If I was wrong on my first assessment and she never had

with the requisites of the Act and will not support an order to terminate benefits. *Lord v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 626, 631, 395 A.2d 598, 601 (1978).

On remand if the referee determines that all work-related disability has ceased, then termination of benefits would be the proper remedy.[7] This termination is proper even if Claimant still has pain, but that pain was not caused by the work-related injury. However, if the referee determines that Claimant can return to work and all pain from the work-related injury has not ceased, then a suspension of benefits is in order.[8]

## ORDER

NOW, December 30, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is

a problem to begin with, then she still didn't have one when I saw her at the last visit.

Q. So, one way or the other, she was not suffering from a problem, an orthopedic problem as of the time that you saw her?

A. That's correct.

Q. January 30, '89?

A. That's correct. Let me just mention something about that. There is a third possibility. She could have a mild orthopedic problem that for reasons unknown to me she just would not admit that she was getting better, or that she needed that problem for some reason. I don't know. But that's a third possibility.

Q. If that were the case, would that have restricted her ability to work in any fashion?

A. Only psychologically.

Q. Are the opinions that you have expressed today within a reasonable degree of medical certainty?

A. Yes.

(Deposition of Thomas S. Ryscavage, M.D. at 13–14.)

7. *See Sule v. Workmen's Compensation Appeal Board (Kraft, Inc.)*, 121 Pa.Commonwealth Ct. 242, 245, 550 A.2d 847, 849 (1988), *petition for allowance of appeal denied*, 522 Pa. 608, 562 A.2d 829 (1989) ("A termination of benefits is proper only when the work-related disability ceases entirely.").

8. *See Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 185, 587 A.2d 387, 390 (1991) ("[A] suspension of benefits is the appropriate remedy where medical disability exits but does not manifest itself in a loss of earning power.").

hereby vacated and this case is remanded for additional findings consistent with this opinion.

Jurisdiction relinquished.