IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamarol Abram,      :
       Petitioner :
          :
   v.        :
          :
Pennsylvania Parole Board,  :  No. 61 C.D. 2024
      Respondent :  Submitted: November 6, 2025

BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE STACY WALLACE, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON     FILED: December 17, 2025

   Lamarol Abram (Abram), petitions for review of a December 19, 2023 Order of the Pennsylvania Parole Board (PPB) that denied his request for administrative relief, thus finalizing the March 22, 2023 Order of the PPB recommitting Abram to State Correctional Institution at Greene (SCI-Greene) for 18 months. After thorough review, we affirm the PPB's Order.

## I. Background

   On September 25, 2007, Abram pled guilty to one count of Corrupt Organizations, 18 Pa.C.S. § 9811(b)(3); one count of Criminal Conspiracy—Possession With Intent to Deliver (PWID), *id*. at § 903(a)(1); one count of Possession, under Section 13(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(16)[1]; and two counts of PWID, *id.* at § 780-

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. 780-1 to 780-144.

113(a)(30). Certified Record (C.R.) at 1. He was sentenced to serve consecutive terms of incarceration for an aggregate 3-year 2-month to 17-year sentence, with 440 days of credit from July 13, 2006, to September 25, 2007. *Id*. at 1-2. The minimum and maximum sentence dates were September 13, 2009, and July 13, 2023, respectively. *Id*. at 1.

The PPB granted Abram parole on March 5, 2010, and Abram was released on August 8, 2010. C.R. at 6-8. The terms of his PBPP-11 form mandated the conditions of his parole, particularly that he "shall abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device and Cosmetic Act [] without a valid prescription[.]" *Id*. at 9 (internal citations omitted). However, on July 14, 2015, Abram was indicted on federal charges for Conspiracy to Distribute Heroin and Cocaine in the Western District of Michigan and was subsequently arrested by the Drug Enforcement Agency (DEA) on July 21, 2015. *Id*. at 17 & 27.

On August 3, 2015, the PPB issued a warrant to arrest Abram due to violation of his parole and subsequently scheduled his extradition from the Federal Correctional Institution at Fort Dix (FCI-Fort Dix), New Jersey after Abram finished serving his federal sentence on February 16, 2023. C.R. 12 & 19. After Abram waived his right to a revocation hearing, the PPB recommitted Abram to 18 months' incarceration on the parole violation. *Id*. at 75-76. Abram's maximum sentence date was recalculated to January 21, 2036; the PPB awarded no sentence credit for the time he was at liberty on parole because Abram was "convicted of a new crime that is the same or similar to the original offense[.]" *Id*.

Abram challenged his new maximum sentence date, arguing that his time in federal custody should have been credited first against his original Pennsylvania sentence, but the PPB denied his request for administrative relief on December 19, 2023. C.R. at 77 & 83-84. As a result, Abram filed a *pro se* Petition for Review[2] with this Court and argued that the PPB improperly denied him 7.5 years' time credit toward his original state sentence for the time he spent in federal custody. Pet. for Review at 4. Specifically, he asserted that his 7.5-year federal sentence should be credited toward his original sentence because he impermissibly served his federal sentence first. *Id*. In his *pro se* Petition for Review, Abram did not challenge the PPB's denial of credit for time he spent at liberty on parole.

## II. Issues

Before this Court,[3] despite having failed to raise the issue in his petition for review, Abram argues for the first time in his counseled brief that the PPB "abused its discretion by not awarding time credit when revoking Mr. Abram's parole and not providing a reason in its December 19, 2023 [D]ecision." Abram's Br. at 11. Specifically, he avers that the PPB impeded appellate review by failing to explain its denial and that the nonviolent nature of his charges constitutes an exception to the blanket revocation of parole upon conviction in a court of record. *Id*. at 6 & 11; *see also* 61 Pa.C.S. § 6138(a)(2). Further, Abram insists that he was more disadvantaged than similarly situated defendants because the PPB's failure to

[2] This Court subsequently appointed representation for Abram in this matter. Cmwlth. Ct. Order, 2/10/25.

[3] "Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Baasit v. Pa. Bd. of Prob. & Parole*, 90 A.3d 74, 76 n.1 (Pa. Cmwlth. 2014) (citing 2 Pa.C.S. § 704).

3

grant time credit resulted in extending a 17-year sentence to a 28-year one. Abram's Br. at 15-16. Thus, Abram requests that this Court vacate the PPB's December 19, 2023 Decision and order the PPB to grant him credit for the time he spent at liberty on parole. *Id*. at 17.

The PPB argues that it acted properly within its discretion when it denied Abram credit for time at liberty on parole and that it offered a sufficient explanation in its March 22, 2023 Decision. PPB's Br. at 9-10. However, the PPB maintains that these issues are waived for this Court's consideration because Abram failed to raise them in his request for administrative relief before the PPB. *Id*. at 6. Thus, the PPB contends that its December 19, 2023 Decision must be affirmed. *Id*. at 12.

### III. Discussion
### A. Waiver of Claims on Appeal

Abram asserted for the first time in his principal counseled brief before this Court that the PPB abused its discretion by both denying him time credit while at liberty on parole and by failing to explain such denial. In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 n.12 (Pa. 2017), the Pennsylvania Supreme Court noted that the PPB retains "broad discretion over decisions affecting parolees, including whether to grant credit to [convicted parole violators (CPVs)]." As such, the PPB is entitled to deny credit for time spent at liberty on parole as long as it "provide[s] a contemporaneous statement explaining its reason for denying" such credit pursuant to both Article V, Section 9 of the

Pennsylvania Constitution and Subsection 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1). *Id.* at 475.

However, Section 703(a) of the Administrative Agency Law provides that a "party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown." 2 Pa.C.S. § 703(a). Abram's arguments before the PPB and his *pro se* Petition for Review with this Court focused exclusively on his argument that his federal carceral time should be credited against his original state sentence because he should have served that sentence first. Thus, we agree with the PPB that Abram waived both arguments from his counseled brief concerning credit for time at liberty on parole and the absence of explanation for such denial because neither was brought before the PPB. *See Lord v. Workmen's Comp. Appeal Bd.*, 395 A.2d 598, 602 (Pa. Cmwlth. 1978) (concluding that "this Court [was] not obliged to address [an] issue" that was never brought before the Workmen's Compensation Appeal Board).

"Due cause" sufficient to avoid waiver exists where questions arise that "the [C]ourt is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit." Pa.R.A.P. 1551(a)(3); *see also State Workers' Ins. Fund v. Harburg Med. Sales Co.*, 287 A.3d 982, 988 (Pa. Cmwlth. 2022). Pennsylvania jurisprudence has established that *pro se* litigants are held to the same procedural standards as licensed attorneys,[4] and that electing to proceed *pro se* involves assuming the risk that one's "lack of expertise and legal training will prove

---

[4] "Electing to proceed pro se does not excuse issue preservation, and 'issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'" *Commonwealth v. Williams*, 896 A.2d 523, 535 (Pa. 2006) (quoting Pa.R.A.P. 302(a)) (internal citations omitted).

[one's] undoing." *Groch v. Unemployment Comp. Bd. of Review*, 472 A.2d 286, 288 (Pa. Cmwlth. 1984).

Here, the PPB preemptively denied Abram credit for time at liberty on parole in its March 22, 2023 Decision, thus providing notice of the issue for appeal. C.R. 75-76. Despite such notice, Abram failed to request credit for time at liberty on parole and did not challenge the PPB's denial explanation when he had the opportunity to do so in his request for administrative relief. As a result, this Court cannot find due cause to hear issues that should have been brought originally before the PPB.[5]

For these reasons, we conclude that Abram has waived both issues from his counseled brief on appeal for failure to comply with Rule 703(a). 2 Pa.C.S. § 703(a). Nevertheless, we address both issues for completeness, and note that, even if Abram had not waived these issues on appeal, we would still affirm the decision of the PPB.

## B. PPB's Discretion

Section 6138(a)(1) of the Prisons and Parole Code states, in pertinent part, that "[t]he board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a

---

[5] As stated previously, Abram also did not raise the issue of credit for time spent at liberty on parole in his Petition for Review before this Court. While the petition for review and argument sections of the principal appellate brief are not required to be mirror images, this Court cannot consider a question "unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Thus, a petitioner's failure to raise and discuss an independent issue from the petition for review in the principal brief will render the issue waived. *Id.*; *Muretic v. Workers' Comp. Appeal Bd.*, 934 A.2d 752, 758 (Pa. Cmwlth. 2007); *AT&T v. Workers' Comp. Appeal Bd.*, 816 A.2d 355, 361 (Pa. Cmwlth. 2003). Thus, the issue of credit for time spent at liberty on parole is waived for this additional reason.

crime punishable by imprisonment, for which the offender is convicted or found guilty . . . in a court of record." 61 Pa.C.S. § 6138(a)(1) (emphasis added). Upon revocation of parole, the offender must serve the remainder of the incarceration term and, as a general rule, "shall be given no credit for the time at liberty on parole." *Id*. at § 6138(a)(2). However,

> [t]he board ***may, in its discretion***, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence[.]
>>
>> (ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

*Id*. at § 6138(a)(2.1) (emphasis added). Further, the Pennsylvania Supreme Court determined that Section 6138(a)(2.1) "clearly and unambiguously grants the [PPB] discretion to award credit to a convicted parole violator (CPV) . . . except when the CPV is recommitted for the reasons stated in § 6138(a)(2.1)(i) and (ii)." *Pittman*, 159 A.3d at 473. This broad discretion is balanced by requiring the PPB to offer a "contemporaneous statement" explaining any denial of credit for time spent at liberty on parole to ensure compliance with basic notions of due process. *Id*. at 474-75.[6] However, the explanatory statement requirement was not established to "limit[]

---

[6] In *Pittman*, 159 A.3d at 474-75, the Pennsylvania Supreme Court noted that a contemporaneous statement from the PPB would keep appellate review from being "a mere empty formality," and that the General Assembly would not have intended the PPB to evade appellate review in contravention of Article V, Section 9 of the Pennsylvania Constitution.

the [PPB's] broad discretion over decisions affecting parolees." *Id*. at 475. "[A] single sentence explanation is likely sufficient in most instances" as long as the statement is "informed by aggravating and mitigating circumstances" and is accurately "relate[d] to the parolee's offenses." *Id*.; *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019) (quoting *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 652 (Pa. Cmwlth. 2018)).

Here, Abram first argues that he was entitled to credit for time at liberty on parole because he was subsequently convicted of Conspiracy to Distribute Controlled Substances which is not a crime of violence. Abram's Br. at 12; *see also* 61 Pa.C.S. § 6138(a)(2.1). But this argument is inapposite; the exception under Subsection 2.1 dictates that the PPB "may, in its discretion, award credit to an offender recommitted under paragraph (2)." 61 Pa.C.S. § 6138(a)(2.1). The language of "may" and "in its discretion" is doubly permissive, thus granting the PPB broad latitude to determine whether to override the blanket denial of credit for time at liberty on parole for CPVs under Section 6138(a)(2). *Id*. Further, this Court has previously determined that there is no abuse of discretion when denying credit for time at liberty on parole when a parolee is convicted of the same or similar offense. *See Colon-Vega v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2496 CD 2015, filed August 26, 2016).[7]

Secondly, while Abram argues the insufficiency of the PPB's explanation, he concedes that the PPB issued an explanation for its denial in its March 22, 2023 Decision. This Decision preemptively determined that Abram was not entitled to credit for time at liberty on parole because he was "convicted of a new

---

[7] Under Rule 414(a) of the Commonwealth Court's Internal Operating Procedures, unreported decisions of the Commonwealth Court issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

crime that is the same or similar to the original offense[.]" C.R. at 75-76. Thus, the PPB exercised reasonable discretion due to the recidivistic nature of Abram's offense. Moreover, Abram does not challenge the merits of this explanation but, instead, argues that the PPB abused its discretion by failing to issue a contemporaneous explanation in its subsequent December 19, 2023 Decision. *Id.* However, this argument lacks merit because Abram's request for administrative relief only addressed dissatisfaction with his new maximum sentence date and the order of service of his sentences. Thus, the PPB would not have reasonably readdressed the issue of credit for time at liberty on parole. Therefore, the PPB fairly explained its denial within the scope of its discretion.

## IV. Conclusion

Based on the foregoing reasons, we affirm the PPB's December 19, 2023 Order.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamarol Abram, : 
              Petitioner : 
               : 
      v. : 
               : 
Pennsylvania Parole Board, :   No. 61 C.D. 2024
            Respondent : 

# **O R D E R**

AND NOW, this 17th day of December, 2025, the December 19, 2023 Order of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge