Stephen J. Williams, Jr., a minor, by S. Jerome Williams and Norma J. Williams, his parents and natural guardians and S. Jerome Williams and Norma J. Williams, in their own right, Plaintiffs *v.* West Chester State College, Thomas Reed, Gerald Cartright, Edward Kahlert, Robert F. Dawson, William Jenkins and General State Authority, Defendants.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*William H. Mitman, Jr.,* for plaintiffs.

*Nancy L. Schnuer,* Assistant Attorney General, for defendant, West Chester State College.

*Frederick E. Blake,* with him *Edwin L. Scherlis, Joseph Goldberg,* and *Frank, Margolis, Edelstein and Scherlis,* for defendants, Reed, Kahlert, Dawson and Jenkins.

*Francis J. O'Gorman, Jr.,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for defendant, General State Authority.

PER CURIAM OPINION, March 14, 1977:

This action was intended to have been filed within the original jurisdiction of this Court. A minor and his natural guardians filed a Complaint in Trespass against West Chester State College, five employees of West Chester State College, and the General State Authority (GSA). The Complaint alleges that the minor plaintiff, while attending an experimental school within West Chester State College, suffered multiple injuries when a soccer cage fell on him during a school recess. The defendants have raised various preliminary objections to this cause of action. We need only discuss those raised by West Chester State College and the GSA based upon sovereign immunity, and that raised by the employee defendants based upon this Court's jurisdiction.

Defendants, West Chester State College and the GSA raised preliminary objections averring that the doctrine of sovereign immunity operates as a bar to plaintiff's claims. This doctrine provides that the Commonwealth, or an instrumentality or agency of the Commonwealth, cannot be sued without legislative consent. Pa. Const. art. I, §11; *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 183, 301 A.2d 849, 851 (1973). It is clear that West Chester State College is a state agency owned and operated by the Commonwealth.[1] Based upon this status, this Court has held in prior decisions that such state colleges are cloaked with sovereign immunity. *Brungard v. Hartman,* 12 Pa. Commonwealth Ct. 477, 315 A.2d 913 (1974). Similarly, this Court has decided that the GSA is also an agency of the Commonwealth able to invoke the doctrine. *General State Authority v. Pacific Indemnity Co.,* 24 Pa. Commonwealth Ct. 82, 354

---

[1] Sections 2001 and 2002 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§20-2001, 20-2002.

A.2d 56 (1976). As no legislative consent was given to this action, the bar of sovereign immunity is available in this instance.

Plaintiff, notwithstanding this formidable showing, contends that the bar of sovereign immunity should be abolished or, in the alternative, that it is not applicable under the facts of this case. We cannot agree.

As to plaintiff's urging that we abolish the doctrine of sovereign immunity, the Pennsylvania Supreme Court's holding in *Brown v. Commonwealth,* 453 Pa. 566, 573, 305 A.2d 868, 871 (1973), makes it clear that such a decision is not for this Court or any other to make. The growing dissatisfaction and controversy regarding the continued vitality of this doctrine in this State is recognized by this Court. It is, however, for the Legislature of this Commonwealth to provide any restructuring of the State's immunity.

Plaintiff's second argument, that sovereign immunity is not applicable under the facts of this claim, rests upon the belief that the doctrine is only available to an agency which is acting in a governmental function. It is sufficient to state that this Court cannot accept the premise that the Commonwealth's immunity is subject to the distinction between governmental and proprietary functions. *See Poklemba v. Shamokin Hospital,* 21 Pa. Commonwealth Ct. 301, 304 n. 2, 344 A.2d 732, 734 n. 2 (1975). *See also Brown v. Commonwealth, supra,* at 574 n. 1, 305 A.2d 858, 873 n. 1 (1973) (POMEROY, J., concurring).

We hold that the doctrine of sovereign immunity is available to the defendants West Chester State College and the GSA in this claim. We sustain their objections based upon this doctrine.

Finally, the defendant employees have raised preliminary objections centered on this Court's jurisdiction over them in this cause of action. It is apparent

from the services which these employees render that they cannot be termed officers of the Commonwealth.[2] The Commonwealth Court therefore lacks the original jurisdiction necessary to pass upon their liability in this action. *Forney v. Harrisburg State Hospital*, 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1975). In view of this, we are without power to rule further on the preliminary objections of these defendant employees. *Trulli v. City of Philadelphia*, 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1971).

After reviewing the entire record, we believe that this matter, as it pertains to these defendant employees, should be transferred to the Common Pleas Court of Chester County without prejudice to plaintiffs from filing further amended pleadings appropriate under the law.

### Order

Per Curiam:

And Now, this 14th day of March, 1977, the preliminary objections of the General State Authority and West Chester State College are sustained, and the plaintiff's complaint as to these defendants is dismissed.

This Court is without jurisdiction over the cause of action asserted against the individual defendants. However, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b), this case is transferred to the Court of Common Pleas of Chester County, without prejudice to the plaintiffs' filing further amended pleadings appropriate under the law for further proceedings in this action as it pertains to these various employees.

---

[2] It is also noted that neither party contends that the employees involved are officers of the Commonwealth.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Chester County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.