Hugh H. Eby Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dinora Vadi, Respondents.

136

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Neil N. Sherkovsky*, with him *Brian R. Steiner*, Special Assistant Attorney General, for petitioner.

*Joseph Lurie*, for respondents.

OPINION BY JUDGE WILKINSON, JR., November 1, 1979:

This is an appeal by employer and its insurance carrier from an order of the Workmen's Compensation Appeal Board affirming a referee's dismissal of employer's petition for termination. We affirm.

Claimant[1] was injured on September 27, 1973 while operating a power press machine and sustained a

---

[1] We have adopted as the proper spelling of claimant's first name that spelling found in the caption of this case, *i.e.* Dinora. We recognize, however, that her name has also been spelled Dionara at certain points in this case's progress through the administrative process. We point this out simply to avoid any possible confusion the multiple spellings might cause.

crush injury of the left thumb. Compensation for total disability was paid to claimant pursuant to a Notice of Compensation Payable. The instant petition for termination was filed on November 13, 1974.

The sole issue before the Court on the termination petition is whether the referee capriciously disregarded competent evidence in finding that claimant was totally disabled. Claimant's medical witness testified without equivocation that claimant remained totally disabled as a result of the September 1973 accident. The following excerpt from the doctor's testimony is illustrative: "In my opinion [claimant] is unable to work in any kind of work, is totally disabled from the combination of the various injuries that she suffered."[2]

Petitioner contends that the referee's finding of total disability could only be made by the capricious disregard of competent testimony supplied by two of employer's witnesses, paid investigators, who observed claimant "working" in a neighborhood grocery. Although employer's witnesses provided competent testimony, mere disbelief of a witness or other competent evidence does not satisfy the standard of capricious disregard; it is, instead, "such deliberate disbelief of the undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable intelligence." *Kuchinski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 210, 212, 392 A.2d 348, 349 (1978).

The referee's seventh finding of fact is the complete answer to petitioner's argument on this issue and we therefore reproduce it here in full:

---

[2] The doctor diagnosed three separate injuries, *i.e.* a fracture of the left thumb with moderate residual disability; a neuropathy of a branch of the left median nerve with severe residual disability; and a post-traumatic psychoneurosis, severe without improvement all due to the initial crush trauma.

7. [Employer's] evidence through two paid investigators compared with the evidence of the proprietor of the grocery store where [Employer] claims that Claimant was working in October of 1975 has been weighed carefully by the Referee. The Referee does not believe that [Employer] has sustained its burden of proving in this termination proceeding that Claimant was 'employed' in Mr. Ravera's Spanish-American grocery store. The explanation offered on behalf of Claimant for her frequent appearances at the Ravera store, namely that Claimant is a social friend of the Ravera family and that she occasionally helps around the store without being paid in order to keep her mind off of her disability is a reasonable and persuasive explanation compared with the unconvincing testimony of [Employer's] investigators. Claimant's *apparent* ability to work, as evidenced by her helping in the Ravera store, does not lead to a factual conclusion that she is capable of gainful employment. Claimant cannot emotionally tolerate the rigors of employment in the commercial world, and this medical conclusion stands unrebutted in the record. (Emphasis in original.)

Also for consideration of the Court is a petition for counsel fees filed by claimant's attorney on May 29, 1979, which by order of President Judge Bowman was listed for argument with the merits of employer's termination petition. Questions not raised below before the governmental unit or Commonwealth agency will not be considered for the first time by this Court unless due cause is shown. 2 Pa. C.S. §703, *see also* Pa. R.A.P. 1551. This issue was not dealt with by either party's brief and we are left unconvinced by claim-

ant's attorney's remarks during argument of the need to now consider his request.

Accordingly, we will enter the following

## ORDER

AND Now, November 1, 1979, the order of the Workmen's Compensation Appeal Board dated October 27, 1977 at Docket No. A-72529 affirming the referee's dismissal of employer Hugh H. Eby Co.'s petition for termination is hereby affirmed.

It is ordered that judgment be entered in favor of claimant, Dinora Vadi, and against employer, Hugh H. Eby Co. and/or its insurance carrier, State Workmen's Insurance Fund in the amount of $64.49 per week from November 6, 1974, and continuing indefinitely pursuant to The Pennsylvania Workmen's Compensation Act.

It is further ordered that judgment be entered in favor of claimant, Dinora Vadi, and against employer, Hugh H. Eby Co. and/or its insurance carrier, State Workmen's Insurance Fund in the amount of $350, representing reimbursement of costs incurred by claimant as a result of the instant petition for termination.

The petition for counsel fees filed by attorney Joseph Lurie, Esquire is hereby dismissed.