Raymond Joseph Kusnir, Petitioner *v.* Charles D. Leach, Acting in his capacity as interim President of Clarion State College, and Clarion State College, a Commonwealth Agency, Respondents.

Argued May 6, 1981, before President Judge CRUM-LISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard L. Jacobs,* for petitioner.

*Jack E. Solomon,* Assistant Attorney General, with him *Nancy K. Matlowski,* Acting Chief Counsel, for respondents.

Opinion by Judge Williams, Jr., January 11, 1982:

Directed to our appellate jurisdiction under Section 763(a) of the Judicial Code, 42 Pa. C. S. §763(a), Raymond J. Kusnir (Appellant) has filed a Petition for Review asking this Court to reverse his suspension, as a student, from Clarion State College.

On March 17, 1980, the Conduct Board of the College served Kusnir with written notice that it would hold a hearing concerning his alleged participation in an off-campus incident of misconduct. More specifically, the notice charged that Kusnir was one of a group of people who uninvitedly entered a private party at a private off-campus residence, and refused to leave when asked to do so. It was further alleged that some of the alleged intruders disrobed; that one of the occupants of the dwelling was struck in the face; and that other disruptive conduct occurred. According to the written charges, the incident was violative of the College's regulations against behavior such as assault, harassment, personal abuse and trespass. The incident in question took place on March 5, 1980.

The misconduct hearing was held on March 24, 1980, as scheduled; and Kusnir appeared with his brother, who acted as his advisor in the proceedings. On March 25, 1980, the Conduct Board found that Kusnir was a culpable participant in the misconduct charged. That determination, in addition to the fact that Kusnir was already on disciplinary probation for fighting, induced the Conduct Board to recommend his suspension for the balance of that academic year and the Fall semester of 1980. From that decision Kusnir appealed to the College president, challenging the propriety of his suspension. In that challenge Kusnir asserted that the College had no jurisdiction over the off-campus incident. He also asserted that he had been deprived of due process in that he was (1) not adequately informed of the charges against him; (2) not

advised of his right to legal counsel; and (3) not given an opportunity to appear and "prepare" a defense.

On April 2, 1980, the College president dismissed the appeal and entered a written decision adopting the suspension recommendation.

On May 2, 1980, Kusnir filed his Petition for Review with this Court. Companion to the instant appeal, he requested this Court to stay his suspension pending disposition of the case. On May 5, 1980, this Court entered an order staying the suspension; but only to the extent of allowing Appellant Kusnir to complete his then current school term, the Spring semester of 1980. In short, the Appellant's period of suspension from school would be coextensive with the Fall semester of 1980.

The College and its president, as the named respondents in this matter, initially sought to challenge Kusnir's appeal to this Court by preliminary objections. When those objections were overruled, the respondents filed a motion under Pa. R.A.P. 1972 to transfer the case to the Board of Claims. That motion was directed to be heard at the same time as argument on the merits of the appeal.

We consider first the transfer motion; for, if the respondents are correct in that regard, we have no jurisdiction to entertain this appeal in its present posture. The respondents' transfer motion is based on the premise that the legal relation between the College and a student is contractual. And, since the College is a state agency, the respondents conclude that the Board of Claims has exclusive jurisdiction over this case in the first instance.

Section 4 of the "Board of Claims Act"[1] provides in pertinent part that:

The Board of Claims shall have exclusive jurisdiction to hear and determine all claims

---

[1] Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-4.

against the Commonwealth arising from con-
tracts . . . with the Commonwealth, *where the
amount in controversy amounts to $300.00 or
more.* (Emphasis added.)

It is clear from the very language of Section 4, that
for the Board of Claims to have exclusive jurisdiction,
it is not enough that the claim is really one against the
Commonwealth and sounding in contract; it must *also*
appear there is an "amount in controversy" of at least
$300.00. *Pennsylvania Turnpike Commission v. San-
ders & Thomas, Inc.*, 461 Pa. 420, 431, 336 A.2d 609, 615
(1975). In the case at bar, there is nothing to indicate
there is an "amount in controversy" equaling $300.00
or more; indeed, there is nothing to indicate there is
any "amount in controversy" at all. Accordingly, we
cannot say the instant case is within the exclusive ju-
risdiction of the Board of Claims; and the motion for
transfer must be dismissed.

In urging this Court to reverse his suspension, the
Appellant advances the following arguments to invali-
date that sanction: (1) that the College lacked juris-
diction over off-campus conduct; (2) that there was no
substantial evidence to support the findings upon
which his suspension was based; (3) that he was not
given adequate notice of the charges against him;
(4) that he was not given the names of all the wit-
nesses against him, nor otherwise given the right to
confront and cross-examine them; and (5) that he was
denied the right to be represented by legal counsel in
the proceedings against him.

We ascertain no merit in Appellant's first argu-
ment. Obviously, a college has a vital interest in the
character of its students, and may regard off-campus
behavior as a reflection of a student's character and
his fitness to be a member of the student body. It is
also our conclusion that there was substantial evidence
to show, at the least, that Kusnir entered the residence

uninvited and refused to leave when the occupants requested him to do so. That proof, coupled with the fact of Kusnir's then already existing disciplinary probation, restrains us from saying that the Appellant's suspension was not supported by the evidence. The weight and credibility of Kusnir's version of the incident in question, and the weight and credibility of the evidence against him, were for the school authorities to determine; not this Court. As for the Appellant's contention that he was not adequately advised of the charges against him, the express contents of the notice served upon him by the Conduct Board show that argument to be meritless.

It is to be noted that, in his appeal to the College president, Kusnir made no assertion of having been denied the names of witnesses or of having been denied the right of confrontation and cross-examination. Accordingly, we will not consider those issues here. Except for a challenge to the validity of an involved statute, questions not raised before the governmental unit or agency below will not be considered by this Court for the first time on appeal, unless due cause is shown. 2 Pa. C. S. §703(a) ; *Hugh H. Eby Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 135, 407 A.2d 148 (1979).

The respondents concede that Kusnir's hearing before the Conduct Board was under terms that did not permit him to be represented by legal counsel in that proceeding. The hearing notice served on the Appellant instructed, in pertinent part, as follows:

> You may be assisted in this proceeding by an individual of your own choosing. This person may provide advice and guidance during the hearing *but his/her function is not to represent you.* (Emphasis added.)'

The Appellant argues to this Court that since he was not permitted to have legal representation during the

misconduct proceedings against him, he was denied a right granted by Section 502 of the Administrative Agency Law, 2 Pa. C. S. §502.

In his appeal to the College president, Kusnir did not assert his "right to counsel" in the same terms that he does here. Below, Kusnir asserted that he had not been "advised of the right to legal counsel." However, Kusnir's assertion below was made in the context of his having been told that he *could not have representation*. That is, the assertion below can be read as a contention that the College erroneously led Kusnir to believe that he had no right to legal counsel. Therefore, the question of whether he was deprived of a right to legal representation was preserved for the instant appeal.

Clarion State College is a Commonwealth agency. *See Williams v. West Chester State College*, 29 Pa. Commonwealth Ct. 240, 370 A.2d 774 (1977). An Act of Assembly constituted Clarion State College a state institution and made it a part of the Commonwealth system of higher education.[2] The College's president is appointed by the Governor;[3] and its Board of Trustees has been placed in the state Department of Education.[4]

As a Commonwealth agency, the College is subject to the provisions of the Administrative Agency Law.[5] Section 502 of that statute provides that "[a]*ny party*

---

[2] See Sections 2002 and 2003 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§20-2002, 20-2003.

[3] Section 2008.2(2) of the Public School Code of 1949, added by Section 9 of the Act of February 17, 1970, P.L. 24, 24 P.S. §20-2008.2 (2).

[4] Section 202 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §62.

[5] 2 Pa. C. S. §§501-508, 701-704. Subject to certain exceptions not here applicable, Sections 501(a) and 701(a) make the Administrative Agency Law applicable to "*all* Commonwealth agencies." (Emphasis added.)

*may be represented before a Commonwealth agency."*
(Emphasis added.) Therefore, when the College's
Conduct Board instructed the Appellant, Kusnir, that
he could not be represented, it denied him a signifi-
cant statutory right. It is clear that the ordered sus-
pension affected a right or a privilege. Thus, the sus-
pension was an "adjudication" within the meaning of
the Administrative Agency Law. Since the proceed-
ings underlying that adjudication were conducted
without the Appellant being afforded his statutory
right to representation, we must remand this case for
new proceedings in which that right is recognized.[6]

The respondents offer various, seemingly sound,
policy arguments as to why a right to counsel should
not apply to school disciplinary proceedings. Some of
those reasons are expressed in the case of *Goss v.
Lopez,* 419 U.S. 565 (1975), in which the Supreme
Court of the United States indicated that the federal
constitution does not mandate such a right for "short"
suspensions.

Constitutional due process aside, we are here faced
with a clear statutory provision conferring a right to
representation. It is not for this Court to amend the
Administrative Agency Law, or to modify its express
terms with judge-made limitations. Such reasons as
might warrant withholding the right to counsel in dis-
ciplinary proceedings at state colleges, are reasons
that must be directed to the source of the Administra-
tive Agency Law, the legislature.

For the reasons set forth, we will remand this case
for further proceedings consistent with this opinion.

---

[6] We assume that the Appellant's suspension from college has
expired of its own time limitation. Accordingly, we cannot afford
any relief insofar as the lost time is concerned. However, we cannot
consider the case moot, because of the other possibly detrimental
consequences of the suspension.

## ORDER

AND Now, the 11th day of January, 1982, the above matter is hereby remanded to Clarion State College and its President, to afford the Petitioner the opportunity for a new disciplinary hearing, at which the Petitioner shall have the right to be represented by legal counsel and have the other procedural rights granted in Chapter 5, Subchapter A, of the Administrative Agency Law, 2 Pa. C. S. §§501-508. The respondents shall have no duty to furnish legal counsel for the Petitioner.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

### CONCURRING OPINION BY JUDGE BLATT:

Because the petitioner was denied all representation when he appeared before the Conduct Board, I agree with the majority's decision to remand. I do not believe, however, that Section 502 of the Administrative Agency Law, 2 Pa. C. S. §502, which states that "[a]ny party may be *represented* before a Commonwealth agency" (emphasis added), should be construed as providing for the right to *legal* representation in every, and specifically in the instant, situation. The legislature may very well have intentionally omitted the word "legal" before the term "represented" in Section 502 so that the latter term could remain flexible and thereby provide due process protection relative to the demands and nature of the particular interest and proceeding involved.

I am concerned that the majority's interpretation of Section 502 will be understood as absolutely conferring the right to counsel whenever a party is before an agency, regardless of the circumstances. Here, the majority's extension of the right to counsel could con-

ceivably require such representation even where there is only the possibility of suspension.

I believe, therefore, that the majority's construction of Section 502 will tend to impair, rather than to improve, the school disciplinary process.