State Workers' Insurance Fund, : 
                  Petitioner : 
                   : 
        v. : 
                   : 
Harburg Medical Sales Co., Inc., : 
(Bureau of Workers' Compensation : 
Fee Review Hearing Office), :   No. 712 C.D. 2021
             Respondent :   Argued: June 22, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE FIZZANO CANNON          FILED: December 15, 2022


       The State Workers' Insurance Fund (SWIF) petitions this Court for review of the June 3, 2021 decision of the Bureau of Workers' Compensation, Medical Fee Review Hearing Office (Hearing Office). The Hearing Office reversed a determination by the Bureau of Workers' Compensation, Medical Fee Review Section (Fee Review Section) that SWIF was not liable to provide reimbursement for a disputed medical bill. Upon review, we affirm the Hearing Office's determination.


## I. Background

       In May 2004, Julius Holmes (Claimant) sustained various injuries in a work-related incident while in the employ of W&W Contractors, Inc. (Employer).

*See W&W Contractors, Inc. v. Workers' Comp. Appeal Bd. (Holmes)* (Pa. Cmwlth., No. 836 C.D. 2020, filed Dec. 15, 2020), slip op. at 1-2. Employer issued a notice of compensation payable (NCP) accepting various injuries sustained by Claimant to his chest, lower back, neck, abdomen, right shoulder, and right knee. *Id.* at 2. An amended NCP expanding the description of Claimant's injuries was issued in October 2007. *See* Hearing Off. Decision, 6/3/21 at 7, Reproduced Record (R.R.) at 85a.[1]

SWIF reimbursed Harburg Medical Sales Company, Inc. (Harburg) $1,725 for certain medical supplies and equipment prescribed to Claimant, but denied payment for a piece of durable medical equipment described as a memory foam queen mattress overlay with cover, which was billed at $2,199.95. Hearing Off. Decision, 6/3/21 at 4, Finding of Fact (F.F.) 6, R.R. at 82a. SWIF denied liability for the prescribed treatment on the basis that "[a] cu[r]rent medical report [was] required specifically documenting the relationship [of] the prescribe[d] medication [*i.e.*, the mattress overlay] to the original accepted work injury." Letter, 10/7/20, R.R. at 30a; *see also* F.F. 10. However, SWIF did not seek utilization review concerning the prescribed treatment. F.F. 9.

Harburg submitted an application for fee review pursuant to Section 306(f.1) of the Act, 77 P.S. § 531, contesting SWIF's nonpayment for the prescribed mattress overlay. Application for Fee Review, 11/12/20 at 1, R.R. at 23a. The Fee

---

[1] In December 2011, a workers' compensation judge approved a compromise and release agreement settling Claimant's right to future indemnity benefits for the injuries sustained in the May 3, 2004 work incident. *See* Hearing Off. Decision, 6/3/21 at 4, Finding of Fact (F.F.) 3, Reproduced Record (R.R.) at 81a. Employer remained liable for Claimant's reasonable, necessary and causally-related medical bills consistent with the cost containment provisions of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710 (Act). *See* Section 449 of the Act, 77 P.S. § 1000.5.

2

Review Section determined that SWIF was not obligated to pay the cost of the prescribed treatment because the "service ha[d] not been properly billed." Fee Review Section Determination, 12/10/2020, R.R. at 15a.

Harburg requested a hearing to contest the Fee Review Section's determination. Request for Hearing, R.R. at 18a. Hearings were held in January and March 2021. Hearing Off. Decision, 6/3/21 at 3, R.R. at 81a.

Harburg submitted a post-hearing brief asserting that SWIF should have sought utilization review before withholding payment for the prescribed mattress overlay based on a "causal relatedness" denial. *See* Harburg's Post-Hearing Br. at 4, Certified Record (C.R.) at 65. SWIF argued in its post-hearing brief that it was not obligated to request utilization review to "legitimize nonpayment" following its "causal relatedness" denial. SWIF's Post-Hearing Br. at 6, C.R. at 72. Further, SWIF asserted that the Hearing Office lacked jurisdiction over Harburg's fee review application because SWIF's liability for Claimant's treatment was in dispute, rather than the timeliness or amount of any payment. *Id.* at 7, C.R. at 71.

The Hearing Office reversed the Fee Review Section's decision and ordered SWIF to reimburse Harburg for the cost of the prescribed mattress overlay. Hearing Off. Decision, 6/3/21 at 10, R.R. at 88a. The Hearing Office identified the issue under review as whether, in a medical fee review proceeding, an insurer may refuse to pay for prescribed durable medical equipment by asserting it was "unrelated" to the work injury, without seeking utilization review.[2] *Id.* at 6, R.R. at 84a. The Hearing Office reasoned that Workers' Compensation Regulation (WC

---

[2] The Hearing Office also considered the issue of whether a designation in a determination by the Fee Review Section that the service "was not billed properly" supports the denial of an otherwise apparently valid prescription for medical treatment, supplies or equipment. Hearing Off. Decision, 6/3/21 at 6, R.R. at 84a. However, SWIF does not raise that issue on appeal.

Regulation) 127.208(e) is "clear and unequivocal that seeking [u]tilization [r]eview, within 30 days of receipt of the billing, is a condition precedent to withholding payment." *Id.* at 6, R.R. at 84a (citing 34 Pa. Code § 127.208).[3] Thus, the Hearing Office determined that SWIF could not deny reimbursement for the prescribed mattress overlay without first challenging the reasonableness and necessity thereof through utilization review. *See id.* at 6-9, R.R. at 84a-87a (first citing *Workers' First Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Gallagher Bassett Servs.)*, 225 A.3d 613 (Pa. Cmwlth. 2020); and then citing *Omni Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Am. Interstate Ins. Co.)*, 241 A.3d 1273, 1274 (Pa. Cmwlth. 2020), *appeal denied*, 257 A.3d 1212 (Pa. 2021)).

SWIF petitioned this Court for review.[4]

---

[3] Pursuant to Workers' Compensation Regulation (WC Regulation) 127.208(e),

> [t]he 30-day period in which payment shall be made to the provider may be tolled only if review of the reasonableness or necessity of the treatment is requested during the 30-day period under the [utilization review] provisions of Subchapter C (relating to medical treatment review). The insurer's right to suspend payment shall continue throughout the [utilization review] process. The insurer's right to suspend payment shall further continue beyond the [utilization review] process to a proceeding before a workers' compensation judge, unless there is a [utilization review] determination made that the treatment is reasonable and necessary.

34 Pa. Code § 127.208(e).

[4] SWIF filed an application for supersedeas, averring that it possessed a great likelihood of success on the merits. *See* Appl. for Supersedeas, 6/30/21 at 4, ¶ 8. This Court denied SWIF's application by order dated August 5, 2021. *See* Cmwlth. Ct. Order, 8/5/21.

## II. Issues

On appeal,[5] SWIF argues that this Court already determined in a separate matter that Harburg does not qualify as a "health care provider" under the Act and, thus, lacks standing to request fee review. SWIF's Br. at 20-22 (citing *Harburg Med. Sales Co. v. PMA Mgmt. Corp. (Bureau of Workers' Comp., Fee Rev. Hearing Off.)* (Pa. Cmwlth., No. 635 C.D. 2020, filed Aug. 30, 2021) (*Harburg I*), *appeal denied* (Pa., No. 537 MAL 2021, filed Mar. 31, 2022)). SWIF asserts that the doctrine of collateral estoppel precludes Harburg from asserting standing here to request a fee review under the Act. SWIF also contends that the Hearing Office erred in deeming SWIF liable for payment of the prescribed mattress overlay, because its "causal relatedness" denial rendered Harburg's fee review application premature by operating as a denial of liability for the work injury pursuant to subsection (1) of WC Regulation 127.255(1), 34 Pa. Code § 127.255(1). SWIF's Br. at 9.

Harburg counters that SWIF waived its challenge to Harburg's standing to file the fee review application, by raising this issue for the first time in its principal appellate brief. *See* Harburg's Br. at 10. Harburg also asserts that an employer or insurer must pursue utilization review before denying reimbursement on the basis that the prescribed medical equipment or treatment lacks a causal relation to the claimant's work injury. Harburg's Br. at 6 (citing *Workers' First*; *Omni*). Further, Harburg contends that allowing a "causal relatedness" denial alone to support nonpayment of a provider's bill absent utilization review would enable insurers to curtail the fee review process entirely, thereby depriving providers of recourse for

---

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Workers' First Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Office (Gallagher Bassett Servs.)*, 225 A.3d 613, 616 n.3 (Pa. Cmwlth. 2020). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Id.*

5

denials of reimbursement. *Id.* at 6-7. In addition, Harburg maintains that SWIF offered no medical evidence to support its contention that the prescribed mattress overlay was not related to Claimant's work injury. *Id.* at 6.

By order dated January 31, 2022, this Court directed the parties to submit supplemental briefs addressing the impact of the Pennsylvania Supreme Court's decision in *Keystone Rx LLC v. Bureau of Workers' Compensation Fee Review Hearing Off. (Compservices Inc./AmeriHealth Casualty Services)*, 265 A.3d 322 (Pa. 2021), on the present matter. *See* Cmwlth. Ct. Order, 1/31/22. Specifically, this Court instructed the parties to address whether a fee review petition may be dismissed as premature where payment for treatment prescribed for a work injury is denied on the basis of lack of "causal relation" when (1) the work injury is accepted, (2) no utilization review petition has been filed, and (3) payment has not been made within the statutory period. *See id.* SWIF contends that *Keystone Rx* supports its assertion that a "causal relatedness" dispute must be resolved before a provider may apply for fee review under the Act. *See* SWIF's Suppl. Br. at 5. Harburg counters that *Keystone Rx* is inapposite, as it involved an insurer's petition for utilization review, whereas, here, SWIF did not seek utilization review. Harburg's Suppl. Br. at 6. Thus, Harburg maintains that *Keystone Rx* does not affect its position that SWIF should have petitioned for utilization review in order to render Harburg's fee review application premature. *Id.* at 6-7 (citing *Workers' First*; *Omni*).

### III. Discussion
### A. Standing

SWIF asserted for the first time in its principal appellate brief that Harburg lacked standing to file the November 2020 fee review application. Section

703(a) of the Administrative Agency Law provides that a "party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown." 2 Pa.C.S. § 703(a). Thus, we agree with Harburg that SWIF waived this challenge. *See Lord v. Workmen's Comp. Appeal Bd.*, 395 A.2d 598, 602 (Pa. Cmwlth. 1978) (concluding that "this Court [was] not obliged to address" arguments of employer and its insurance carrier "which were not raised before the [Workers' Compensation Appeal Board]"). Moreover, "[u]nlike the federal courts, where standing is a nonwaivable jurisdictional issue, the courts of this Commonwealth view the issue of standing as nonjurisdictional and waivable." *In re Condemnation by Urban Redevelopment Auth. of Pittsburgh*, 913 A.2d 178, 181 n.6 (Pa. 2006).

We acknowledge that the *Harburg I* decision relied upon by SWIF to support its challenge to Harburg's standing was issued on August 30, 2021, roughly two months after SWIF filed its petition for review with this Court on June 29, 2021. Nevertheless, SWIF could and should have challenged Harburg's standing to apply for fee review during the administrative proceedings, as any question regarding Harburg's standing as a "provider" was evident from the plain language of the Act. *See* Section 306(f.1) of the Act, 77 P.S. § 531(5) (stating that "[a] *provider* . . . who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review . . .") (emphasis added); *see also* Section 109 of the Act, 77 P.S. § 29 (stating that the term "'provider' means a health care provider" and defining the term "health care provider" as a person or entity "licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not

7

limited to, any physician, coordinated care organization,[6] hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist . . .").  Thus, SWIF is unable to establish that it had due cause for its failure to raise the issue of standing during the administrative proceedings below or that it could not, by the exercise of due diligence, have raised that issue at an earlier stage.  *See* 2 Pa.C.S. § 703(a); *Hugh H. Eby Co. v. Workmen's Comp. Appeal Bd. (Vadi)*, 407 A.2d 148, 150 (Pa. Cmwlth. 1979) (stating that "[q]uestions not raised below before the governmental unit or Commonwealth agency will not be considered for the first time by this Court unless due cause is shown"); *see also* Pa.R.A.P. 1551 (providing that "[o]nly questions raised before the government unit shall be heard or considered, except . . . [q]uestions that the [C]ourt is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit").

SWIF also attempts to invoke the doctrine of nonmutual offensive collateral estoppel to establish that Harburg lacked standing to apply for fee review, because:  (i) both *Harburg I* and the instant matter involve the question of Harburg's standing, (ii) the determination of whether Harburg was a provider under the Act was essential to the judgment in *Harburg I*; and (iii) *Harburg I* resulted in a final judgment on the merits.  SWIF's Br. at 20-22 (citing *Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998)).  However, as with its initial challenge to standing, SWIF has raised this issue for the first time in its principal appellate brief.  Accordingly, SWIF has likewise waived its assertion that collateral estoppel precludes relitigating whether Harburg

---

[6] Section 109 of the Act defines the term "coordinated care organization" to mean "an organization licensed in Pennsylvania and certified by the Secretary of Labor and Industry on the basis of established criteria possessing the capacity to provide medical services to an injured worker."  77 P.S. § 29.

possessed standing to apply for fee review. *See* Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551; *Hugh H. Eby Co.*, 407 A.2d at 150.

### B. Harburg's Fee Review Application

SWIF maintains that it was not required to pursue utilization review before denying reimbursement on the basis that the prescribed mattress overlay was not related to Claimant's work injury, because the utilization review process may not decide questions of "causal relatedness." SWIF's Br. at 10 (citing WC Regul. 127.406(b)(1), 34 Pa. Code § 127.406(b)(1) (providing that utilization review organizations may not decide "[t]he causal relationship of the treatment under review and the employe's work-related injury")); WC Regul. 127.470, 34 Pa. Code § 127.470 (stating that physician-peers conducting utilization review "shall assume the existence of a causal relationship between the treatment under review and the employe's work injury"). SWIF also argues that WC Regulation 127.255, 34 Pa. Code § 127.255, "expressly" renders the fee review process premature where the carrier denies payment on the basis of lack of "causal relatedness." *Id.* at 13.

Asserting that the Hearing Office erred in relying on *Workers' First* and *Omni* to conclude that SWIF was obligated to pursue utilization review before withholding payment, SWIF insists that "[those cases] have wrongfully eroded the ability of insurance carriers to '[deny] liability for the alleged work injury,' contrary to 34 Pa. Code § 127.255 and the Pennsylvania Supreme Court's decision in *Crozer Chester* [*Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189 (Pa. 2011) (*Crozer Chester II*)]." SWIF's Br. at 12 & 18 (quoting WC Regulation 127.255(1),

34 Pa. Code § 127.255(1)). SWIF contends that "[i]t is a well-established practice of insurance carriers to respond to non-work-related bills by issuing a simple and efficient denial letter," and that a claimant may pursue recourse by filing a claim petition, review petition, or penalty petition. SWIF's Br. at 18. SWIF highlights the statement of the Pennsylvania Supreme Court in *Crozer Chester II* that "in cases in which liability for a particular treatment is at issue, the claimant, not the medical provider, must pursue compensation before a workers' compensation judge in the regular course." *Id.* at 12-13 (quoting *Crozer Chester II*, 22 A.3d at 195). SWIF reasons further:

> Importantly, [WC Regulation 127.255] places no affirmative obligation on the insurer to initiate a formal proceeding to "den[y] liability for the alleged work injury" such as by filing a [utilization review p]etition. By contrast, 127.255(2) states that a [f]ee [r]eview [a]pplication is premature where "the insurer has filed a request for utilization review of the treatment." . . . If the administrative agency had intended to require insurance carriers to file a formal petition to deny liability [for the work injury for purposes of WC Regulation 127.255(1)], it clearly could have and would have included language to that effect in the regulation. As a result, a usual and customary practice has developed where carriers may simply issue a one sentence letter denying payment based on lack of causal relatedness, rather than initiate costly and protracted litigation over relatively nominal medical bills.

SWIF's Br. at 9 n.1. SWIF, therefore, requests that this Court reverse the Hearing Office's June 3, 2021 decision and dismiss Harburg's fee review application. *Id.* at 24.[7]

---

[7] SWIF observes that the Hearing Office's decision "contains no reference to 34 Pa. Code § 127.255[.]" SWIF's Br. at 13. While SWIF is correct that the June 3, 2021 decision does not directly reference WC Regulation 127.255, we note that the Hearing Office cited *Workers' First* and *Omni*, which, in turn, relied primarily on this regulation. Further, we note that the Hearing

10

Despite contending that its "causal relatedness" denial constituted a denial of liability for Claimant's work *injury* pursuant to subsection (1) of WC Regulation 127.255, SWIF inconsistently asserts that the present "dispute . . . turns solely on [] Employer's liability for a particular medical *treatment*," thereby implicating subsection (2) of that regulation. *See* SWIF's Br. at 19-20 (emphasis added). Section 306(f.1) of the Act provides, in relevant part:

> (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the [D]epartment no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6) [(delineating the

Office had no reason to cite this regulation, because the Fee Review Section did not dismiss Harburg's fee review application as premature. *See* Hearing Off. Decision, 6/3/21 at 6, R.R. at 84a. Moreover, the Hearing Office did not identify the question of whether Harburg's fee review application was premature as one of the two issues under review. *See* Hearing Off. Decision, 6/3/21 at 6, R.R. at 84a. *See id.*

Notably, SWIF quoted WC Regulation 127.255 in its post-hearing brief submitted to the Hearing Office but did not specifically assert that Harburg's fee review application was premature under subsection (1) (fee review application premature where insurer disputes liability for work injury). Rather, SWIF contended that the Hearing Office lacked jurisdiction, because neither the timeliness nor the amount of payment was in dispute. Nevertheless, we conclude that this issue is not waived. *See* discussion *infra*, pages 13-16.

utilization review process)], the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the [D]epartment shall render an administrative decision.

(6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

> (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The [D]epartment shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.

77 P.S. § 531(5), (6)(i).

We agree with the Hearing Office that SWIF failed to stay its obligation to reimburse Harburg for the cost of the prescribed mattress overlay. Pursuant to WC Regulation 127.208(e),

> [t]he 30-day period in which payment shall be made to the provider may be tolled only if review of the reasonableness or necessity of the treatment is requested during the 30-day period under the [utilization review (UR)] provisions of Subchapter C (relating to medical treatment review). The insurer's right to suspend payment shall continue throughout the [utilization review] process. The insurer's right to suspend payment shall further continue beyond the [utilization review] process to a proceeding before a workers' compensation judge, unless

there is a [utilization review] determination made that the treatment is reasonable and necessary.

34 Pa. Code § 127.208(e). Here, SWIF did not request utilization review. F.F. 9. Thus, SWIF failed to toll the 30-day period in which to remit payment for the billed durable medical equipment. *See* WC Regul. 127.208, 34 Pa. Code § 127.208.

Nevertheless, SWIF maintains that the Hearing Office should have determined that SWIF was not liable for payment on the basis that its "causal relatedness" denial constituted a denial of liability for Claimant's work injury under WC Regulation 127.255(1), 34 Pa. Code § 127.255(1), rendering Harburg's fee review application premature. SWIF asserts that this regulation "expressly" renders the fee review process premature where the carrier denies payment on the basis of lack of "causal relatedness." *Id.* at 13. We observe that SWIF raises this issue for the first time on appeal. However, we conclude that SWIF has not waived this contention, because whether Harburg prematurely filed its fee review application implicates the doctrine of ripeness, which we may consider *sua sponte*. As our Supreme Court has explained,

> [t]he doctrine of ripeness . . . is a judicially-created principle which mandates the presence of an actual controversy. When determining whether a matter is ripe for judicial review, courts generally consider whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed. In the context of administrative law, the basic rationale of ripeness is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and to protect state agencies from judicial interference until an administrative decision has been formalized and its efforts felt in a concrete way by the challenging parties. *Gardner v. Dep't of Env't Res.*, 658 A.2d 440, 444 (Pa. Cmwlth.1995) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 . . . (1967)).

13

*Bayada Nurses, Inc. v. Dep't of Labor & Indus.*, 8 A.3d 866, 874-75 (Pa. 2010) (quotation marks and citation omitted*); see also Texas Keystone Inc. v. Pa. Dep't of Conserv. & Nat. Res.*, 851 A.2d 228, 239 (Pa. Cmwlth. 2004) ("The ripeness doctrine insists on a more concrete context, *i.e.*, one involving a final agency action and a factual record that would allow this Court to properly review [the] substantive claims."). Here, SWIF's assertion that Harburg prematurely filed its fee review application implicates the doctrine of ripeness, because a prematurely filed fee review application denies the Fee Review Section and, ultimately, this Court, a "concrete" decision. For instance, assuming SWIF's assertions are correct, the Hearing Office's fee review determination in Harburg's favor could be undermined by a subsequent finding either that the underlying injury was not work related or that the billed treatment was not reasonable or necessary. *See* WC Regul. 127.255, 34 Pa. Code § 127.255. Further, this question involves the subject matter jurisdiction of the Hearing Office and, in turn, this Court. We explained previously:

> Whether the lack of ripeness goes to our subject matter jurisdiction is determined by whether it involves both this court's and the [lower tribunal's] power to hear the class of cases to which the case belongs, as well as to enter upon the inquiry, not whether or not the court may ultimately grant the relief requested. *Commonwealth v. Court of Common Pleas of [Phila. Cnty.]* . . . 485 A.2d 755 ([Pa.] 1984). . . . [W]e do not have the ability to grant any relief that is merely advisory, one that does not involve any case or controversy. . . .
>
> When the matter does not present a case or controversy, the courts have consistently held that they were without jurisdiction to hear the matter.

*Brown v. Pa. Liquor Control Bd.*, 673 A.2d 21, 23 (Pa. Cmwlth. 1996).

SWIF asserts that the Hearing Office should have dismissed Harburg's fee review application as premature on the basis that SWIF's dispute as to liability for the underlying work injury remained outstanding. "Whether the time is right to adjudicate a claim is an issue that the Pennsylvania courts consider." *Phila. Entm't & Dev. Partners, L.P. v. City of Philadelphia*, 937 A.2d 385, 392 (Pa. 2007) (explaining "that while subject matter jurisdiction concerns the power of a court to hear a claim, the doctrine of ripeness concerns the timing of a court['s] intervention in litigation"). SWIF's assertion that Harburg's fee review application was premature calls into question the timing of the Hearing Office's decision. *See id.* Thus, SWIF's contention that Harburg prematurely filed its fee review application questions the ripeness of the fee review dispute. As this issue pertains to the subject matter jurisdiction of the Hearing Office and, subsequently, this Court on appeal, we may consider this question *sua sponte* despite SWIF's failure to raise it properly. *See Brown*, 673 A.2d at 23 (stating that "[b]ecause whether there [was] a case or controversy [went] to our subject matter jurisdiction, we [were obliged to] determine if the declaration of the statutory limits of commonwealth parties where there [was] no judgment [was a] case or controversy and ripe for judicial determination"); *see also Texas Keystone Inc.*, 851 A.2d at 239 (considering question of ripeness despite omission from preliminary objections and explaining that "since lack of ripeness goes to our subject matter jurisdiction, we may raise the issue *sua sponte*"); *Ginter v. Workers' Comp. Appeal Bd. (Chili's Grill & Bar)* (Pa. Cmwlth., No. 1330 C.D. 2010, filed Dec. 8, 2011), slip op. at 1 & 4-5[8] (dismissing claimant's appeal as premature on the basis that the matter was not ripe, where claimant's challenge to an order of the Workers' Compensation Appeal Board directing him to submit to an

_____

[8] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

15

impairment rating evaluation (IRE) on the basis that the IRE process was unconstitutional did not constitute a justiciable controversy) (citing *Texas Keystone*).

Turning to the merits, we reject SWIF's assertion that WC Regulation 127.255, 34 Pa. Code § 127.255, "expressly" requires dismissal of Harburg's fee review application as premature on the basis of SWIF's "causal relatedness" denial. SWIF's Br. at 13. WC Regulation 127.255 contains no such requirement, either express or implied. This regulation merely mandates:

> The Bureau [of Workers' Compensation] will return applications for fee review prematurely filed by providers when one of the following exists:
>
> (1) The insurer denies liability for the alleged work injury.
>
> (2) The insurer has filed a request for utilization review of the treatment under Subchapter C (relating to medical treatment review).
>
> (3) The 30-day period allowed for payment has not yet elapsed . . . .

34 Pa. Code § 127.255. None of the three prerequisites for deeming a fee review application premature has been met here. *See id.*

SWIF's assertion that its "causal relatedness" denial in fact contested liability for Claimant's work injury under subsection (1) of the above cited regulation lacks merit, because SWIF accepted liability for Claimant's work injury by means of an NCP. *See W&W Contractors*, slip op. at 2; *see also Beissel v. Workmen's Comp. Appeal Bd. (John Wanamaker, Inc.)*, 465 A.2d 969, 971-72 (Pa. 1983) (holding that an employer that has admitted liability for a work-related injury by means of an NCP after having full opportunity to investigate the claim may not subsequently challenge causation of injury absent evidence that the NCP is materially incorrect); *Mahon v. Workers' Comp. Appeal Bd. (Expert Window*

16

*Cleaning)*, 835 A.2d 420, 426 (Pa. Cmwlth. 2003) ("[A]n insurer may have an initial belief as to the right of a claimant to benefits, thus supporting a decision not to issue a notice of temporary compensation payable, and then . . . challenge the notice of compensation payable because of information received after that issuance.") (citing Section 413 of the Act, 77 P.S. § 771).[9] Rather, SWIF's assertion that the prescribed treatment is not causally related to Claimant's work injury disputes liability for the treatment.

However, SWIF's denial alone does not render Harburg's fee review application premature, because SWIF has not "filed a request for utilization review of the treatment[.]" WC Regul. 127.255, 35 Pa. Code § 127.255. This Court explained in *Workers' First*:

> Had [e]mployer sought utilization review, its 30-day deadline to pay [p]harmacy's invoice would have been stayed. Claimant may be under treatment for an array of medical problems, only some of which relate to the work

---

[9] Pursuant to Section 413 of the Act,

> [a] workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the [D]epartment, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771. Further, Section 413(a) of the Act provides that

> [a] workers' compensation judge designated by the [D]epartment may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the [D]epartment or its workers' compensation judge, upon petition filed by either party with the [D]epartment, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

77 P.S. § 772.

injury. It is for the Utilization Review Organization to sort this out. If the compound cream was prescribed for a non-work-related injury of [c]laimant, *a fortiori* it is not reasonable or necessary for treatment of her accepted work injury. [The e]mployer's stated reason for denying [p]harmacy's invoice was that the "diagnosis is inconsistent with the procedure." . . . *This is just another way of stating that the compound cream was not a reasonable or necessary "procedure" for treating Claimant's "diagnosis," i.e.*, a shoulder sprain.

An application for fee review is deemed premature in three circumstances: (1) where the insurer denies liability for the alleged work injury; (2) where the insurer has filed a request for utilization review; or (3) where the 30-day period insurer is allowed for payment of a provider's invoice has not yet elapsed. 34 Pa. Code § 127.255. Here, the Hearing Office concluded that [p]harmacy's fee review was premature because *[the e]mployer denied that the compound cream was related to [c]laimant's accepted work injury.* The Hearing Office erred because [the e]mployer's non[]payment did not fit any of the exceptions to the rule that an employer must pay an invoice within 30 days. *See* 34 Pa. Code § 127.255. [The e]mployer did not file a modification petition to revise [c]laimant's accepted work injury and did not seek utilization review. [The e]mployer expressly accepted liability for [c]laimant's work injury in the nature of a right shoulder strain both in the [notice of temporary compensation payable] and in the [compromise and release a]greement.

[The e]mployer contends that the compound cream was not related to the accepted work injury, *i.e.*, a shoulder sprain. It argues that its liability for this treatment must be established in a claim petition proceeding. We disagree. The work injury has been accepted, and the sole question is whether the compound cream was reasonable and

> necessary for treatment of the accepted work injury. This is an issue for utilization review.
>
> We hold that [the e]mployer was obligated to seek utilization review upon receipt of [the p]harmacy's invoice.

*Workers' First*, 225 A.3d at 620-21 (emphasis added) (footnotes omitted). Similarly, in *Omni*, we held that in denying pharmacy payment for treatment on the basis of the "issue of causation" between claimant's work injury and the prescribed compound cream, "[e]mployer [was] challenging whether the compound cream prescribed to [c]laimant constituted reasonable and necessary treatment for the accepted work injury," a question reserved for the utilization review process. *Omni*, 241 A.3d at 1275 & 1278 (citing *Workers' First*, 225 A.3d at 621).

Likewise, here, SWIF was obligated to seek utilization review to dispute liability for Claimant's treatment in order to render Harburg's fee review application premature, because SWIF's "defense" that the prescribed mattress overlay was not related to Claimant's work injury was "just another way of stating that [it] was not a reasonable or necessary 'procedure' for treating Claimant's 'diagnosis[.]'" *Workers' First*, 225 A.3d at 620-21; *see also Omni*, 241 A.3d at 1275 & 1278.[10]

We acknowledge that, in a footnote in *Crozer Chester II*, the Pennsylvania Supreme Court suggested that WC Regulation 127.255(1), 34 Pa.

---

[10] We clarify that *Workers' First* and *Omni* do not stand for the proposition that liability for a claimant's prescribed treatment may only be disputed through the utilization review process. An employer may also petition for review of medical treatment to challenge the causal relation between the prescribed treatment and the claimant's work injury. *See CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224, 1229 (Pa. Cmwlth. 2011). Rather, the import of *Workers' First* and *Omni* is that *where an employer or insurer also seeks to render a provider's fee review application premature*, a dispute regarding the causal connection between the prescribed treatment and the underlying work injury must be reframed as a challenge to the reasonableness and necessity of the treatment through the utilization review process. *See Omni*, 241 A.3d at 1275 & 1278 (citing

19

Code § 127.255(1), might be susceptible to a reading that would allow disputes regarding liability for the prescribed treatment, in addition to denials of liability for the alleged work injury, to serve as bases for deeming fee applications prematurely filed. *See Crozer Chester II*, 22 A.3d at 194 n.5. The Supreme Court observed:

> We recognize that the language of Regulation 127.255(1) [regarding when a fee review application shall be deemed prematurely filed] appears to contain a latent ambiguity insofar as it refers to the insurer denying "liability for the alleged work injury." *See* 34 Pa. Code § 127.255. Indeed, Section 306(f.1)(5) of the Act, which the regulation addresses, indicates that it is sufficient if the insurer denies liability for a "particular treatment," as explained further *infra*. *See* 77 P.S. § 531(5); 77 P.S. § 991(a)(v) (Department [of Labor and Industry (Department)] to promulgate regulations "reasonably calculated to . . . explain and enforce the provisions of th[e] [A]ct"). In this case, the Department is interpreting the Regulation consistently with the Act, as required, and there is no issue before us regarding the overall validity of Regulation 127.255(1) in light of the latent ambiguity. *See* 77 P.S. § 991(a) (Department to promulgate regulations "consistent with th[e] [A]ct").

*Crozer Chester II*, 22 A.3d at 194 n.5.

However, the outcome of *Crozer Chester II* does not apply here. That case involved a provider's petition for review in *mandamus* seeking to compel the Department to decide the merits of a fee review application that had been rejected as premature. *See id.* at 7, R.R. at 85a. The Pennsylvania Supreme Court affirmed

*Workers' First*, 225 A.3d at 621 (citing WC Regul. 127.255, 34 Pa. Code § 127.255)); *see also* WC Regul. 127.406(a), (b), 34 Pa. Code § 127.406(a), (b) ("[Utilization Review Organizations] shall decide only the reasonableness or necessity of the treatment under review" and "may not decide . . . [t]he causal relationship between the treatment under review and the employe's work-related injury"); WC Regul. 127.470(a), (b), 34 Pa. Code § 127.470(a), (b) ("[Utilization Review] Reviewers shall assume the existence of a causal relationship between the treatment under review and the employe's work-related injury").

this Court's decision sustaining the Department's preliminary objection on the basis that provider failed to plead a legally cognizable claim in *mandamus*, where the provider failed to establish a clear right to relief and sought to compel the Department to perform a discretionary act. *See id.* at 192. By contrast, here, the issue is whether the Hearing Office erred in concluding that SWIF was obligated to seek utilization review before denying payment for the prescribed mattress overlay on the basis that it was not related to Claimant's work injury, not whether either party impermissibly sought to compel the exercise of agency discretion.

Likewise, the footnote from *Crozer Chester II* quoted above does not govern the present dispute. We construe the Court's reference to a "latent ambiguity" between subsections (1) and (2) of WC Regulation 127.255, 34 Pa. Code § 127.255, as pertaining to circumstances where, for instance, an employer has denied liability for the injury early on and although that denial may be the subject of claim petition litigation, the employer is not yet responsible for medical bills. Thus, an employer or insurer would be denying liability for both the work injury and any billed treatment pending resolution of a claim petition, apparently implicating both subsections (1) and (2) of the above-cited regulation to render fee review premature.[11] *See id.*; *Armour Pharmacy v. Bureau of Workers' Comp. Fee Rev. Hearing Office (Wegman's Food Mkts., Inc.)*, 206 A.3d 660, 665-66 (Pa. Cmwlth. 2019) (stating that "[i]n short, an employer's liability for a claimant's work injury must be established before the fee review provisions can come into play."). This perceived ambiguity does not exist here where, despite SWIF's *post hoc* position that it has, in fact, challenged liability for the injury, it has not petitioned to set aside the NCP it issued accepting liability for the injury.

---

[11] In that instance, the medical provider assumes the risk that the claimant's claim petition may be unsuccessful and the provider may not be paid for treatment.

Moreover, as footnote 5 of *Crozer Chester II* points out, Section 306(f.1)(5) specifically provides that an insurer's dispute regarding a "particular treatment" may *suspend the 30-day payment period*. *See* Section 306(f.1)(5) of the Act, 77 P.S. § 531(5). Critically, this portion of Section 306(f.1)(5) does not pertain to instances where the employer has denied liability for the injury. It governs challenges raised through the utilization review process, which can only arise after the employer has accepted liability for the underlying injury. *See id.* (providing that employer or insurer shall make payment for treatment provided pursuant to the Act "*unless the employer or insurer disputes the reasonableness or necessity of the treatment provided [through the utilization review process] pursuant to paragraph (6)*") (emphasis added). Expanding WC Regulation 127.255(1) by incorporating utilization review provisions (the subject of subsection 2) would render meaningless any distinction between subsection (1) (denial of liability for alleged work injury) and subsection (2) (treatment disputed through utilization review), as both bases for deeming a fee application premature would then include denials of liability for treatment pursued through the utilization review process.[12]

We also agree with Harburg that *Keystone Rx* does not preclude affirmance of the Hearing Office's June 3, 2021 decision. In *Keystone Rx*, the Pennsylvania Supreme Court held that "the Act makes clear that a non-treating

_____

[12] We further note that footnote 5 of *Crozer Chester II* constitutes non-binding *dictum*. *See In re L.J.*, 79 A.3d 1073, 1081 (Pa. 2013) (holding that a footnote in a separate case constituted "non-binding *dict*[*um*]" to which "*stare decisis* did not apply," where "the passage was not necessary to the outcome of the case" and "the majority . . . simply volunteered the discussion" when "the issue was not litigated by the parties"). Moreover, the "latent ambiguity" referenced by the Court in that footnote is not of concern here as Employer issued an NCP that remains open, thereby foreclosing SWIF's ability to render fee review premature by means of WC Regulation 127.255(1), 34 Pa. Code § 127.255(1), absent some further action by Employer to rescind, amend, or terminate the NCP. *See Beissel*, 465 A.2d 969 at 971-72; *Mahon*, 835 A.2d at 426. Thus, subsection (2) of that regulation constituted SWIF's sole means of temporarily forestalling the fee review process. *See* WC Regul. 127.255(2), 34 Pa. Code § 255(2).

provider does not have a constitutionally-protected property interest in goods or services that it dispensed, as these providers were never entitled to payment under the Act; rather they simply have an expectation of payment in the normal course." *Keystone Rx*, 265 A.3d at 333. The Court further noted that non-treating providers may dispute the amount or timeliness of payment by applying for fee review. *Id.* at 325. However, this holding does not bear upon whether SWIF's "causal relatedness" denial entitled it to withhold reimbursement for the prescribed mattress overlay without first initiating the utilization review process.

Accordingly, as none of the conditions in WC Regulation 127.255, 34 Pa. Code § 127.255, have been met, the Hearing Office correctly determined that Harburg's fee review petition was not premature, and we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Workers' Insurance Fund,      :
                Petitioner      :
     :
     :
        v.      :
     :
Harburg Medical Sales Co., Inc.,      :
(Bureau of Workers' Compensation      :
Fee Review Hearing Office),      :    No. 712 C.D. 2021
                Respondent      :

## O R D E R

AND NOW, this 15th day of December, 2022, the June 3, 2021 order of the Bureau of Workers' Compensation Fee Review Hearing Office is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Workers' Insurance Fund, : 
                                    Petitioner : 
                                              : 
                v.                            : No. 712 C.D. 2021
                                              : Argued: June 22, 2022
Harburg Medical Sales Co., Inc.               : 
(Bureau of Workers' Compensation             : 
Fee Review Hearing Office),                   : 
                                  Respondent   : 


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE LORI A. DUMAS, Judge


**CONCURRING AND DISSENTING OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**               **FILED: December 15, 2022**


I agree with the Majority that the State Workers' Insurance Fund (SWIF) has waived its challenge to Harburg Medical Sales Co., Inc.'s (Harburg) standing by raising the issue for the first time on appeal to this Court. Therefore, I concur with that portion of the Majority. However, for the reasons set forth in my dissenting opinion in *UPMC Benefit Management Services, Inc. d/b/a UPMC Work Partners v. United Pharmacy Services (Bureau of Workers' Compensation Fee Review Hearing Office)*, __ A.3d __ (Pa. Cmwlth., No. 558 C.D. 2021, filed December 15, 2022) (Cohn Jubelirer, P.J., dissenting), I disagree with affirming the Workers' Compensation Fee Review Hearing Office's decision that held that Harburg's Fee Review Applications were not premature due to SWIF's failure to seek Utilization Review, notwithstanding that its challenge was based on the treatment not being

related to the work-related injury.  Accordingly, I must, respectfully, dissent from that portion of the Majority.

_____
**RENÉE COHN JUBELIRER,** President Judge